**UNITED STATES COURT OF APPEALS**
**Filed 4/9/96**
**TENTH CIRCUIT**

JOYCE L. JACKSON,

       Plaintiff - Appellant,

    v.

MARVIN MAC HOLDRIDGE dba
Custom One; TERESA HOLDRIDGE
dba Custom One; GARRY
WEATHERFORD, individually;
GARRY WEATHERFORD, in his
official capacity as Inspector for the City
of Muskogee; CITY OF MUSKOGEE,
OKLAHOMA, a municipal corporation;
and MIKE MALLOY dba Mike Malloy
& Associates,

       Defendants - Appellees.

No. 95-7153

(D.C. No. CV-95-184-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BARRETT,** and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of the 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Joyce L. Jackson brought this action alleging that the defendants deprived her of her constitutional rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments in violation of 42 U.S.C. §§ 1983, 1985, 1986, and the Community Development Act, 42 U.S.C. § 5301-5321.  In this pro se appeal of the district court's grant of summary judgment against her, Jackson contends that the court erred in 1) finding facts which were disputed; 2) finding that the municipality enjoyed immunity; and 3) finding that Jackson was required to exhaust administrative and other remedies.  We affirm.

In the fall of 1992, Jackson applied to participate in a Community Development Block Program which the City of Muskogee administered pursuant to the Community Development Act.  Following Jackson's acceptance into the program, Custom One Construction bid for and received the contract to perform certain enumerated repairs.  As early as March 22, 1993, Jackson appeared before the City Council to complain about the repairs.  Nonetheless, when the city conducted an inspection of the repairs on March 26, 1993, the work was approved, and on March 29, 1993, the city authorized payment to Custom One on its contract.  However, Jackson was still dissatisfied with the work, and continued to raise her complaints in letters to the Muskogee Housing and Review Board (the "Review Board") and in additional appearances before it and the City Council.  During this period, on April 7, the city conducted a follow-up inspection, at which time

the city again certified the work as satisfactory. On April 14, 1993, Jackson again addressed the Review Board, and finally, on April 28, 1993, Custom One returned to perform warranty repairs on seven listed items.

Although Jackson continued to complain about the work, she never filed a notice of tort claim against the city as required by Okla. Stat. Ann. tit. 51, § 156 (West Supp. 1996), nor did she appeal the city's decision to approve payment on the contract to either Muskogee County Court or the Housing and Urban Development Department which has authority for enforcing the Community Development Act. Instead, on April 24, 1995, Jackson filed the present civil rights action.

In its grant of summary judgment, the district court found that any civil rights cause of action would have accrued by March 29, 1993, the date that the city approved the repairs and authorized payment on the contract, and that therefore Jackson's filing on April 24, 1995, was untimely. Alternatively, the court also ruled on the merits, finding that Jackson's complaint failed to state a civil rights cause of action on which relief could be granted. Specifically, the court held that the Community Development Act does not create a private cause of action, that Jackson had alleged no facts to establish a connection between the allegedly shoddy work and a discriminatory purpose, nor had she alleged any facts to show a conspiracy to deprive her of any constitutional right, and, finally, that an adequate state post-deprivation remedy satisfied her Fifth and Fourteenth procedural due process guarantees.

We review a summary judgment de novo, applying the same standard as the trial court under Fed. R. Civ. P. 56. Lancaster v. Air Line Pilots Ass'n Int'l., 76 F.3d 1509, 1516 (10th Cir. 1996). While we resolve any factual doubt in favor of the party opposing summary judgment, that party's conclusory allegations are not sufficient to defeat a properly supported motion. Milton v. Scrivner, Inc., 53 F.3d 1118, 1125 (10th Cir. 1995). Additionally, although we liberally construe a pro se plaintiff's pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we will not supply additional facts, nor will we construct a legal theory. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, we will not manufacture an argument on appeal when a party has failed to draw our attention to the error below. National Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.3d 1240, 1244 (10th Cir. 1989).

Jackson asserts that the district court incorrectly decided facts related to immunity, statute of limitations,[1] exhaustion of remedies, and summary judgment. However, even if all of Jackson's allegations were taken as true, her action still fails.

---

[1]Jackson does not state what facts were improperly decided, nor does she indicate which facts should properly govern the decision. In any event, our review of the record demonstrates, that at the very latest, her action would have accrued on April 7, when the city inspector made his last inspection and certified the work as adequate. That the contractor may have made minor warranty repairs afterwards does not change the fact that, at the latest, her alleged injury arose when the city finally inspected and approved the contractor's performance on April 7.

In addition to her general request that we review all facts and evidence, Jackson raises two specific legal issues related to immunity and exhaustion of remedies. As the city correctly notes, the district court did not base its order on any defense of qualified or absolute immunity; therefore, that issue is not before us. Similarly, Jackson's argument on exhaustion of remedies also misinterprets the court's ruling. The court did not find that Jackson was barred from her action for failure to exhaust state and administrative remedies. Rather, the court correctly held that the requirements of due process were satisfied by adequate state post-deprivation remedies. <u>Archuleta v. Colorado Dept. of Insts.</u>, 936 F.2d 483, 491 (10th Cir. 1991). Accordingly, we affirm the district court's grant of summary judgment.[2]

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]We note an apparent typographical error in one of the court's conclusions of law. At paragraph 7, the court cites <u>Dixon v. City of Lawton, OK</u>, 898 F.2d 1443, 1449 (10th Cir. 1990) for the proposition that, among other elements, a § 1985 conspiracy claim requires state action. As <u>Dixon</u> properly notes, however, state action is a component of claims under § 1983, and not of claims under § 1985. <u>Id.</u> at 1447. In any event, the district court correctly states the pertinent point, that a plaintiff asserting a conspiracy claim under either section must prove an agreement or conspiracy between actors. <u>See id.</u> at 1447-49. Jackson offered no facts sufficient to create a material issue of fact on this essential element.